## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYLANN BORGHETTI and PETER BORGHETTI, UNITED STATES OF AMERICA, ex rel. CHERYLANN BORGHETTI and PETER BORGHETTI, | |
| | Civil No.    22-132 |
| Plaintiffs, | |
| | Judge    Horan |
| v. | *Electronically Filed* |
| PHIL LUCI, HEATHER LUCI, LOUIS RUSCITTO, CAROL RUSCITTO, GARY MATTA, LEE BOND, and IMAGINE WELLNESS, INC., | |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiffs, Cherylann Borghetti ("C. Borghetti") and Peter Borghetti ("P. Borghetti"), by and through the undersigned counsel and the law firm of Morella & Associates, A Professional Corporation, and on behalf of the United States of America pursuant to the federal False Claims Act, 31 U.S.C. § 3729, et seq., hereby file this Complaint, and in support thereof, avers the following:

## INTRODUCTION

1.     This matter involves the Defendants' scheme to defraud the Borghettis of money owed to them as a result of a default judgment filed at a companion case. The Defendants perpetrated their scheme by fraudulently transferring assets from several related CBD companies to a new operating entity. In furtherance of their scheme, the Defendants defrauded the United States government by applying for and receiving a Payroll Protection Plan loan in the name of the prior operating entity that was used substantially – if not entirely – by the new operating entity.

1

## THE PARTIES

2.      C. Borghetti and P. Borghetti (collectively "the Borghettis") are a married couple who currently reside at 7816 Washington Lane, Wyncote, Pennsylvania 19095. For purposes of the claims asserted under 31 U.S.C. § 3729, the Borghettis will also be referred to collectively as the "Relators."

3.      Defendant, Phil Luci ("P. Luci") is an officer, board member, shareholder and former employee of CBD USA Grown, Inc. ("CUG"), Greenleaf Golden Enterprises, LLC ("Greenleaf") and KMA Holdings Group, LLC ("KMA"), and is a current employee of Defendant Imagine Wellness, Inc. P. Luci is the husband of Defendant Heather Luci.

4.      Defendant, Heather Luci ("H. Luci"), is a board member and former employee of CUG, Greenleaf and KMA, and is a current employee of Defendant Imagine Wellness, Inc. H. Luci is the wife of Defendant Phil Luci.

5.      Defendant, Louis Ruscitto ("L. Ruscitto"), is an officer, board member and shareholder of CUG, Greenleaf and KMA, and the Chairman of Defendant Imagine Wellness, Inc. L. Ruscitto is the husband of Defendant Carol Ruscitto.

6.      Defendant, Carol Ruscitto, ("C. Ruscitto"), is an owner and the President of Defendant Imagine Wellness, Inc. C. Ruscitto is the wife of Defendant Louis Ruscitto.

7.      Defendant, Gary Matta ("Matta"), is a board member of CUG, Greenleaf and KMA, and a shareholder of Greenleaf. Matta is also an attorney with CUG, Greenleaf, and KMA's prior law firm, Dodaro, Matta & Cambest, P.C. (the "Dodaro Firm") and an attorney for Defendant Imagine Wellness, Inc.

8.      Defendant, Lee Bond ("Bond"), is an officer and board member of CUG, Greenleaf and KMA. Bond is also the Chief Executive Officer of Defendant Imagine Wellness, Inc.

9.     Defendant, Imagine Wellness, Inc. ("Imagine Wellness") is a Pennsylvania corporation incorporated in March 2020 with a principal place of business located at 1120 Stevenson Mill Road, Moon Township, Pennsylvania 15108.

## VENUE AND JURISDICTION

10.     This Court has jurisdiction over the claims stated herein pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the last of which confers jurisdiction on this Court for action brought pursuant to 31 U.S.C. § 3729. Under 31 U.S.C. § 3730(e), there has been no statutorily relevant public disclosure of the "allegations or transactions" that form the basis of the claims brought under 31 U.S.C. § 3729.

11.     The public disclosure provisions of the federal False Claims Act do not bar the claims asserted herein. To the extent there has been a public disclosure of the allegations or transactions alleged in this Complaint, Relators are the original source of the information on which the claims brought under 31 U.S.C. § 3729 are based. They reported the information to the Government before any public disclosure of the allegations or transactions, have information that is independent of the public disclosure and that information materially adds to any information that the Government may have.

12.     Venue is appropriate in this District under 28 U.S.C. § 1391(b)(1) and (2) because (a) Defendant Imagine Wellness has its principal place of business within the District and regularly conduct business within the District, while (b) Defendants P. Luci, H. Luci, L. Ruscitto, C. Ruscitto and Matta reside within the District, and (c) a substantial part of the events or acts giving rise to the claims have occurred within this District.

## FACTUAL BACKGROUND

### a.  Facts Giving Rise to the Companion Case

13.    CUG, Greenleaf, and KMA are interrelated companies that engaged in the industrial hemp business. Although CUG, Greenleaf and KMA ceased business operations in or about March 2020, they are listed as active entities through the Pennsylvania Department of State website.

14.    In April 2018, P. Borghetti and C. Borghetti each invested $15,000.00 for twenty (20) CUG shares valued at $20,000.00 and executed separate Stock Confirmation and Acceptance agreements. CUG represented to the Borghettis that it would pay a dividend of fifty percent of their investment value and a guaranteed annual dividend of $10,000.00 each.

15.    From May 2018 through February 15, 2019, P. Borghetti worked for CUG, Greenleaf and KMA as their corporate counsel.

16.    Before receiving an annualized salary, P. Borghetti received CUG stock with a face value of $50,000.00 as part of his compensation for work performed during the first six months of his employment.

17.    P. Borghetti entered into two separate agreements with CUG, Greenleaf and KMA for his employment. The first, a Legal Services Fee Agreement executed in April 2018, compensated P. Borghetti with the $50,000.00 of CUG stock. The second, an Executive Employment Agreement executed in October 2018, provided for a more comprehensive salary and benefits package.

18.    CUG, Greenleaf and KMA terminated P. Borghetti's employment in February 2019.

19.     As P. Borghetti's termination was not "for cause", CUG, Greenleaf and KMA were required to make certain payments to P. Borghetti pursuant to the terms of the Executive Employment Agreement.

20.     Additionally, P. Borghetti and C. Borghetti exercised their right to redeem their CUG stock for its face value plus unpaid dividends.

21.     As a result of CUG, Greenleaf, and KMA's failure to make the required payments pursuant P. Borghetti's Executive Employment Agreement and CUG's failure to make the required payments to the Borghetti's pursuant to their Stock Confirmation and Acceptance agreements, the Borghettis filed a civil action in the Untied States District Court for the Western District of Pennsylvania at docket number 2:19-cv-00798 on July 3, 2019. That action further asserts individual claims against CUG, Greenleaf and KMA's former President, Deborah Gestner ("Gestner"), for her self-dealing and mismanagement of CUG, Greenleaf and KMA.

**b.   Cessation of CUG, Greenleaf and KMA Business Operations and Fraudulent Transfer of Assets to Imagine Wellness During Pendency of Companion Case**

22.     On July 9, 2019, The Dodaro Firm entered its appearance on behalf of CUG, Greenleaf, KMA and Deborah Gestner.

23.     In or about August 2019, Matta and L. Ruscitto entered into a Stock Transfer Agreement whereby both Matta and L. Ruscitto became twenty-five percent (25%) owners of Greenleaf. After the transaction, the owners of Greenleaf were Matta (25%), L. Ruscitto (25%), P. Luci (25%) and Gestner and Gestner's husband, Roger (collectively 25%).

24.     Additionally, L. Ruscitto entered into a Stock Transfer Agreement whereby he became an owner of CUG. After the transaction, L. Ruscitto owned 220,814 shares of the total 380,000 issued common stock (58%) and 2,200 shares of the total 5,000 issued preferred stock (44%).

25.    As of at least December 2019, L. Ruscitto and Matta were members of the board of directors for CUG, Greenleaf, and KMA and were involved in the business operations of the companies.

26.    For instance, due to the nature of CUG's business operations, from its inception until December 2019 it did not have its own bank account. With L. Ruscitto's assistance, CUG and Greenleaf established bank accounts at Main Street Bank in Wheeling, West Virginia in December 2019. L. Ruscitto is a long-time client of Main Street Bank.

27.    L. Ruscitto, Matta and H. Luci were all identified as authorized users of the CUG and Greenleaf bank accounts.

28.    L. Ruscitto and Gestner communicated about all the important business decisions, including assessing potential vendors and negotiating with potential investors.

29.    In or about January of 2020, CUG, Greenleaf and KMA suspended Gestner's employment and named Bond as the new Chief Executive Officer of CUG and Greenleaf. Although Gestner's employment was suspended, she was never reinstated and did not return to work for the companies in any manner.

30.    The decision to suspend Gestner was made by the board members of CUG, Greenleaf and KMA, including L. Ruscitto, Matta, and P. Luci.

31.    The Dodaro Firm continued to represent CUG, Greenleaf, KMA and Gestner in the companion case until February 2020 when, after discovering a conflict of interest, it determined that it could no longer represent Gestner.

32.    One of the reasons Gestner was suspended – and the reason the Dodaro Firm ceased to represent her – is because CUG, Greenleaf and KMA discovered that she and her husband Roger had misappropriated a large sum of money from the companies for their own personal use.

33.    New counsel entered their appearance for Gestner on February 11, 2020.

34.    The parties attempted to mediate their dispute on February 17, 2020. The Dodaro Firm, including Matta, appeared on behalf of CUG, Greenleaf and KMA along with Bond, whom the Dodaro Firm indicated had authority to negotiate on behalf of CUG, Greenleaf and KMA.

35.    On March 11, 2020, Gestner filed a motion to disqualify the Dodaro Firm due to the conflict of interest. After a hearing on the motion on March 31, 2020, the Court entered an order (i) disqualifying the Dodaro Firm from representing any party in this action, and (ii) imposing a 45-day stay of all pending deadlines so that CUG, Greenleaf and KMA would have adequate time to retain new counsel.

36.    No new counsel had entered his or her appearance on behalf of CUG, Greenleaf and KMA by the expiration of the 45-day stay.

37.    After counsel for Gestner and the Borghettis notified the court that they had not heard from new proposed counsel for CUG, Greenleaf and KMA, the Court entered an order on May 19, 2020 directing CUG, Greenleaf and KMA to have new counsel enter his or her appearance no later than May 29, 2020.

38.    CUG, Greenleaf and KMA failed to have new counsel enter his or her appearance by the May 29, 2020 deadline.

39.    On June 9, 2020, the Borghettis filed a motion for default judgment against CUG, Greenleaf and KMA.

40.    After a damages hearing on the Borghettis' motion for default judgment, the Court entered an order dated October 14, 2020 granting the motion and entering judgment in favor of the Borghettis as to all claims against CUG, Greenleaf and KMA in the aggregate amount of $653,940.47.

41.    In the months after filing their motion for default judgment, the Borghettis became aware that CUG, Greenleaf and KMA may be continuing to operate under a new entity name.

42.    For instance, CUG maintained a website domain at https://cbdusagrown.com. The website included several subpages for CUG's products, amongst other information. Under the "About Us" subpage, CUG discussed drop-shipping services through its sister company, Greenleaf. A true and correct copy of a print-out of the "About Us" subpage from the CUG website is attached hereto as Exhibit 1.

43.    Under the "Contact Us" subpage, CUG listed a phone number of 1-844-6-CBDOIL (1-844-622-3645). A true and correct copy of a print-out of the "Contact Us" subpage is attached hereto as Exhibit 2.

44.    When a caller dials the CUG number, they are greeted with an automated message that states, "Thank you for calling Imagine Wellness, provider of CBD products to enhance your life." The automated message then cycles through a series of numeric prompts before concluding by stating "Thank you for calling Imagine Wellness."

45.    Similarly, Greenleaf maintained a website domain at https://greenleafgoldenenterprises.com. The website emphasized its relationship with CUG and its ability to handle, package and ship CUG products. A true and correct copy of a print-out of the "Home" page from the Greenleaf website is attached hereto as Exhibit 3.

46.    Under the "Contact Us" subpage, Greenleaf listed a phone number of 724-318-5001. A true and correct copy of a print-out of the "Contact Us" subpage is attached hereto as Exhibit 4.

47.    When a caller dials the Greenleaf number, they are greeted with the same automated message as from the CUG phone number, identifying the business as Imagine Wellness.

48.    A search of the Pennsylvania Department of State, Bureau of Corporations and Charitable Organizations (the "Department") website shows that Imagine Wellness is an active company that was incorporated on March 18, 2020.

49.    The registered address Imagine Wellness lists on the Department website is the same address as the primary business office of the Dodaro Firm.

50.    Matta is named as the incorporator for Imagine Wellness. A true and correct copy of the Imagine Wellness Articles of Incorporation is attached hereto as Exhibit 5.

51.    After Gestner's employment with CUG, Greenleaf and KMA was terminated in January 2020, CUG, Greenleaf and KMA were managed by a board of directors consisting of L. Ruscitto, P. Luci, H. Luci, Bond and Matta.

52.    As the majority shareholder, L. Ruscitto took the title of President of CUG.

53.    CUG, Greenleaf and KMA effectively ceased business operations in or about March 2020.

54.    L. Ruscitto formed Imagine Wellness in an effort to continue selling CBD products without the stigma associated with CUG, Greenleaf and KMA. Although all of the issued and outstanding shares of Imagine Wellness are owned by C. Ruscitto, L. Ruscitto paid the initial costs to form Imagine Wellness and identifies himself as its Chairman. L. Ruscitto also funds Imagine Wellness when debts exceed revenues to make payroll and to purchase products.

55.    Bond transitioned from CEO of CUG and Greenleaf to CEO of Imagine Wellness. During his deposition in the companion case, Bond testified that Imagine Wellness was formed to start fresh and to distance itself from CUG, Greenleaf and KMA, which he believes have tainted reputations. According to Bond, the intent was never to continue to operate CUG, Greenleaf and KMA.

56.     P. Luci and H. Luci also transitioned to similar roles with Imagine Wellness. P. Luci was employed in an operations role with CUG, Greenleaf and KMA and was responsible for overseeing the sales team. He is now in charge of the warehouse operations for Imagine Wellness. H. Luci was in charge of human resources for CUG, Greenleaf and KMA, as well as maintaining the financial records for each after the companies ceased using an outside accounting firm in the winter of 2019. She is now handles the financial records for Imagine Wellness.

57.     C. Ruscitto is the President of Imagine Wellness. In that role, she consults with L. Ruscitto and Bond on major decisions involving Imagine Wellness's business operations.

58.     Imagine Wellness began operating almost immediately after it was formed in March 2020.

59.     L. Ruscitto set up bank accounts for Imagine Wellness as Main Street Bank, identifying himself, C. Ruscitto, and H. Luci as authorized users of the accounts.

60.     Upon opening the Imagine Wellness bank accounts, L. Ruscitto informed Main Street Bank that it should use the same address for Imagine Wellness that was previously associated with CUG and Greenleaf.

61.     Imagine Wellness began selling CBD products that were purchased – and intended to be sold – by CUG.

62.     CUG stored product in a warehouse at its Pittsburgh International Airport office location. After Imagine Wellness was formed, P. Luci disposed of expired CUG product and then moved its viable product to a warehouse that is now operated by Imagine Wellness.

63.     After moving CUG's product to the Imagine Wellness warehouse, the product was relabeled as Imagine Wellness product and then sold through various retail outlets that CUG previously used to sell its product.

64.    Imagine Wellness did not pay CUG for use of CUG's products, nor has Imagine Wellness remitted sales proceeds to CUG.

65.    Imagine Wellness is using the same vendors that CUG, Greenleaf and KMA previously used, including the same IT professionals and the same source of CBD product, Folium Biosciences.

**c.    Defendants Fraudulently Receive a Payroll Protection Plan Loan**

66.    In further demonstration of the transition from CUG, Greenleaf and KMA to Imagine Wellness, Ruscitto applied for and received a Paycheck Protection Program loan on behalf of CUG in May 2020.

67.    As a result of the COVID-19 pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, which created, *inter alia*, the Paycheck Protection Program, a Small Business Administration-backed loan designed to provide funds for struggling businesses to pay employees ("PPP Loan").

68.    Businesses that met certain criteria were eligible to apply for and receive a loan equal to two-and-half times its average monthly payroll costs.

69.    L. Ruscitto applied for a PPP Loan on behalf of CUG on or about May 8, 2020 through Main Street Bank claiming six (6) employees worked for CUG.

70.    On May 8, 2020, CUG had no business operations and did not have any employees, notwithstanding that P. Luci, H. Luci, and L. Bond received payroll checks from CUG until August 2020 but were working for Imagine Wellness.

71.    CUG's PPP Loan application was approved and CUG received a PPP Loan of $202,109.00.

72.    Rather than deposit the PPP Loan proceeds into an existing CUG account, L. Ruscitto set up a separate CUG account, the only purpose of which was to receive the PPP Loan proceeds (the "PPP Loan Account").

73.    On May 13, 2020, Main Street Bank deposited $202,109.00 into the PPP Loan Account.

74.    On May 21, 2020, CUG transferred $13,461.54 of the PPP Loan proceeds to a different CUG account.

75.    On June 16, 2020, at L. Ruscitto's request, CUG transferred $125,000.00 of the PPP Loan proceeds to an Imagine Wellness bank account.

76.    On June 18, 2020 and July 2, 2020, CUG transferred another $9,973.22 and $46,000.00, respectively, to the different CUG account.

77.    From May 2020 through February 2021, the only money that was deposited into the PPP Loan Account was the PPP Loan proceeds.

78.    Virtually all the PPP Loan proceeds were transferred out of the CUG PPP Loan Account, the largest transfer being the $125,000.00 transfer to the Imagine Wellness account in June 2020. The remaining balance of $7,784.26 was withdrawn from the CUG account as follows:

    a.    $694.00 was wired to Northern Trust on June 4, 2020;

    b.    $25.00 service charge on June 4, 2020;

    c.    $4,500 transfer to a Greenleaf account on June 22, 2020; and

    d.    $2,455.24 was debited back to Main Street Bank on February 24, 2021.

79.    The PPP Loan proceeds were used to pay Bond, H. Luci, and P. Luci for their employment with Imagine Wellness.

80.     As of May 2020, Imagine Wellness had been operating for approximately one month and did not have sufficient payroll records to make it eligible to receive a PPP Loan.

81.     Conversely, CUG had the qualifying years of payroll records available.

82.     L. Ruscitto applied for a PPP Loan on behalf of CUG but intended to use the proceeds for the benefit of Imagine Wellness.

83.     Although some of the PPP Loan proceeds were transferred to other CUG and Greenleaf accounts, those proceeds were used for the benefit of Imagine Wellness by paying H. Luci, P. Luci, and Bond ("the Imagine Wellness Employees"), all of whom were working on behalf of Imagine Wellness.

84.     The Imagine Wellness Employees started receiving paychecks from Imagine Wellness in or about August 2020. H. Luci testified that the plan was to transition the Imagine Wellness Employees from the CUG payroll to the Imagine Wellness payroll in August 2020.

85.     The PPP Loan proceeds were sufficient for the payroll of the Imagine Wellness Employees until March 2021 if the PPP Loan proceeds had been only used for payroll. The Imagine Wellness Employees were paid by CUG a total of $78,164.60 from May 11, 2020 until their last CUG paychecks on or about August 20, 2020.

86.     Imagine Wellness has not repaid CUG for any of the PPP Loan proceeds L. Ruscitto directed CUG to transfer to Imagine Wellness.

87.     On September 30, 2020, the CUG and Greenleaf bank accounts held a total of $270.92. The entirety of those account balances was transferred to Imagine Wellness at L. Ruscitto's request.

88.     CUG, Greenleaf and KMA have not been dissolved but continue to operate as Imagine Wellness.

89.     Imagine Wellness is utilizing CUG, Greenleaf and KMA assets as its own.

90.     CUG, Greenleaf and KMA transferred its assets to Imagine Wellness, a company whose Chief Executive Officer (Bond) is also the Chief Executive Officer of CUG, Greenleaf and KMA.

91.     The improper transfer was effectuated by the members of the CUG, Greenleaf and KMA board of directors (L. Ruscitto, P. Luci, H. Luci, Bond and Matta), each of whom owes fiduciary duties to CUG, Greenleaf and KMA.

92.     The improper transfer of assets from CUG, Greenleaf and KMA to Imagine Wellness demonstrates that Imagine Wellness is a mere continuation of CUG, Greenleaf and KMA, and is in fact the successor-in-interest to CUG, Greenleaf and KMA.

93.     The Borghettis' claims against CUG, Greenleaf and KMA arose prior to a transfer of CUG, Greenleaf and KMA assets to Imagine Wellness.

94.     The Borghettis hold a judgment against CUG, Greenleaf and KMA totaling $653,940.47.

95.     The Borghettis are still shareholders of CUG. Neither P. Borghetti nor C. Borghetti received notice that (i) CUG, Greenleaf and KMA intended to transfer their assets to Imagine Wellness; (ii) their CUG shares would be converted to Imagine Wellness shares; or (iii) they would receive payment for their shares as a result of a merger or other transaction between Imagine Wellness and CUG, Greenleaf and KMA.

96.     CUG, Greenleaf and KMA's refusal to take to action in the companion case after March 31, 2020 demonstrates that they have no intention of participating further and that they no longer have assets to satisfy any judgment that may be entered against them.

97.     As officers, board members and majority shareholders of CUG, Greenleaf and KMA, P. Luci, H. Luci, Bond, L. Ruscitto and Matta owe the Borghettis fiduciary duties.

98.     By permitting the fraudulent transfer of CUG, Greenleaf, and KMA's assets to Imagine Wellness, P. Luci, H. Luci, Bond, L. Ruscitto, and Matta have breached their fiduciary duties to the Borghettis.

99.     The fraudulent transfer of CUG, Greenleaf and KMA's assets have rendered those companies grossly undercapitalized to the point they are incapable of paying their debts.

100.    As of the filing of this instant matter, the companion case is still pending and awaiting final resolution as to the claims against Gestner.

### COUNT I
**Qui Tam Claim Pursuant to 31 U.S.C. A. § 3729 Against L. Ruscitto, C. Ruscitto, Bond and Imagine Wellness**

101.    All previous paragraphs are hereby incorporated by reference.

102.    The Defendants submitted a PPP Loan application for CUG to the Small Business Administration through Main Street Bank, the purpose of which was to receive loan proceeds primarily for Imagine Wellness.

103.    The PPP Loan application was approved and CUG received a loan from the Small Business Administration in the amount of $202,109.00.

104.    After receiving the PPP Loan proceeds in a CUG bank account, the Defendants caused $125,000.00 of the proceeds to be transferred to an Imagine Wellness bank account for the purpose of paying Imagine Wellness employees, including Bond, H. Lucci and P. Lucci.

105.    The Defendants fraudulently submitted the PPP Loan application on behalf of CUG, as CUG was not operational and did not have any employees at the time the Defendants submitted the application.

106.     The Defendants knew the PPP Loan application was fraudulent as they did not intend to use the loan proceeds for CUG but rather intended for the loan proceeds to be transferred to – and utilized by – Imagine Wellness, which did not have sufficient payroll records to qualify for the PPP Loan.

107.     As a direct result of the Defendants' fraudulent conduct, the United States of America, through the Small Business Administration, has suffered and continues to suffer harm and damages.

WHEREFORE, *qui tam* Relators request that this Honorable Court (i) enter judgment against the Defendants in an amount equal to three times the amount of damages the United States has sustained, plus a civil penalty of not less than $5,500.00 and not more than $11,000.00; (ii) award Relators the maximum amount allowed pursuant to § 3730(d) of the False Claims Act and any relevant state statutes; (iii) award Relators all costs of this action, including attorneys' fees and expenses; and (iv) award Relator such other relief as the Court deems appropriate.

## COUNT II
### Successor-in-Interest Claim Against Imagine Wellness

108.     All previous paragraphs are hereby incorporated by reference.

109.     Imagine Wellness is merely a continuation of the business formerly conducted by CUG, Greenleaf and KMA.

110.     Imagine Wellness is an entity which, by virtue of obtaining the assets of CUG, Greenleaf and KMA and continued the business of CUG, Greenleaf and KMA, is liable as a successor entity of CUG, Greenleaf and KMA in that it expressly and/or impliedly agreed to assume the debts and liabilities of CUG, Greenleaf and KMA.

111.     To the extent Imagine Wellness and CUG, Greenleaf and KMA entered into a transaction that transferred CUG, Greenleaf and KMA assets to Imagine Wellness, such a

transaction was fraudulently entered into to escape liability from the claims asserted by P. Borghetti and C. Borghetti.

112.    As the successor-in-interest to CUG, Greenleaf and KMA, Imagine Wellness is liable for all the debts and liabilities asserted against CUG, Greenleaf and KMA.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against Imagine Wellness and award them damages of $653,940.47, plus accruing costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT III
### Violation of 12 Pa.C.S.A § 5104(a) Against Defendants

113.    All previous paragraphs are hereby incorporated by reference.

114.    The Defendants caused CUG, Greenleaf and KMA to transfer their assets to Imagine Wellness with the actual intent to hinder, delay or defraud the Borghettis.

115.    Alternatively, the transfers referred to herein were made without receiving a reasonably equivalent value in exchange for the transfers and CUG, Greenleaf and KMA were either (a) engaged or were about to engage in a business or a transaction for which the remaining assets of CUG, Greenleaf and KMA were unreasonably small in relation to the business transaction; or (b) intended to incur, or believed or reasonably should have believed that CUG, Greenleaf and KMA would incur debts beyond their ability to pay as they became due.

116.    The transfers referred to herein were made with actual fraudulent intent as, among other things:

a.   the transfers were to an insider;

b.   CUG, Greenleaf and KMA, through their officers, directors and shareholders, retained possession or control of the property transferred after the transfer;

c. the transfers or obligations were concealed;

d. CUG, Greenleaf and KMA had been sued before the transfers were made;

e. the transfers were of substantially all of CUG, Greenleaf and KMA's assets;

f. CUG, Greenleaf and KMA ceased business operations after the transfers;

g. CUG, Greenleaf and KMA, through their officers, directors and shareholders, removed or concealed assets;

h. the value of the consideration received by CUG, Greenleaf and KMA was not reasonably equivalent to the value of the assets transferred;

i. CUG, Greenleaf and KMA were insolvent at the time of, or became insolvent as a result of, the transfers;

j. the transfers occurred shortly before or shortly after a substantial debt was incurred; and

k. CUG, Greenleaf and KMA transferred their essential assets to a lienor who transferred the assets to an insider.

117.    As a direct and proximate result of the Defendants' wrongful conduct, the Borghettis have suffered immediate and irreparable harm and damage, and will continue to suffer such harm and damage unless and until they are enjoined from such conduct.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against the Defendants, including (i) an order voiding the transfer to the extent necessary to satisfy the Borghettis' claims; (ii) granting pre-judgment attachment against every asset transferred by CUG, Greenleaf and KMA to Imagine Wellness; (iii) enjoining CUG, Greenleaf, KMA and Imagine Wellness from further disposition of transferred assets; (iv) imposing a constructive trust on the ownership interests of L. Ruscitto, C. Ruscitto, P. Luci, H. Luci and Bond in Imagine Wellness for the benefit the Borghettis; (v) compensatory and punitive damages; and (vi) any other relief that the Court deems appropriate.

## COUNT IV
## Violation of 12 Pa.C.S.A § 5105 Against Defendants

118.    All previous paragraphs are hereby incorporated by reference.

119.    The Borghettis' claims against CUG, Greenleaf and KMA arose before the Defendants caused CUG, Greenleaf and KMA to transfer their assets to Imagine Wellness.

120.    CUG, Greenleaf and KMA did not receive any compensation from Imagine Wellness for their assets.

121.    CUG, Greenleaf and KMA were insolvent at the time of the transfer of their assets to Imagine Wellness, or became insolvent as a result of the transfer.

122.    As a direct and proximate result of the Defendants' wrongful conduct, the Borghettis have suffered immediate and irreparable harm and damage, and will continue to suffer such harm and damage unless and until they are enjoined from such conduct.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against the Defendants, including (i) an order voiding the transfer to the extent necessary to satisfy the Borghettis' claims; (ii) granting pre-judgment attachment against every asset transferred by CUG, Greenleaf and KMA to Imagine Wellness; (iii) enjoining the Defendants from further disposition of transferred assets; (iv) imposing a constructive trust on the ownership interests of L. Ruscitto, C. Ruscitto, P. Luci, H. Luci and Bond in Imagine Wellness for the benefit the Borghettis; (v) compensatory and punitive damages; and (vi) any other relief that the Court deems appropriate.

## COUNT V
## Breach of Fiduciary Duties Claim Against P. Luci

123.    All previous paragraphs are hereby incorporated by reference.

124.     As an officer, board member, and shareholder of CUG, Greenleaf and KMA, P. Luci owed fiduciary duties to P. Borghetti and C. Borghetti, including the duty of loyalty and duty of care.

125.     P. Luci violated his fiduciary duties by permitting CUG, Greenleaf and KMA to fraudulently transfer their assets to Imagine Wellness.

126.     As a direct and proximate result of P. Luci's wrongful conduct, P. Borghetti and C. Borghetti have suffered harm and damage.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against P. Luci and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT VI
## Veil Piercing Claim Against P. Luci

127.     All previous paragraphs are hereby incorporated by reference.

128.     P. Luci received a loan of $40,000 from the companies that he failed to repay.

129.     P. Luci has used CUG, Greenleaf and KMA assets as if they were his own.

130.     P. Luci has caused CUG, Greenleaf and KMA to be undercapitalized to the point that they cannot pay their debts.

131.     P. Luci was complicit in fraudulently transferring CUG, Greenleaf and KMA assets to Imagine Wellness.

132.     As a direct and proximate result of P. Luci's wrongful conduct, the Borghettis have suffered harm and damage.

133.     P. Luci is jointly and severally liable for any judgment entered in favor of the Borghettis in this action.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against P. Luci and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT VII
### Breach of Fiduciary Duties Claim Against L. Ruscitto

134.    All previous paragraphs are hereby incorporated by reference.

135.    As an officer, board member, and majority shareholder of CUG, Greenleaf and KMA, L. Ruscitto owed fiduciary duties to P. Borghetti and C. Borghetti, including the duty of loyalty and duty of care.

136.    L. Ruscitto violated his fiduciary duties by permitting CUG, Greenleaf and KMA to fraudulently transfer their assets to Imagine Wellness.

137.    As a direct and proximate result of L. Ruscitto's wrongful conduct, P. Borghetti and C. Borghetti have suffered harm and damage.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against L. Ruscitto and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT VIII
### Veil Piercing Claim Against L. Ruscitto

138.    All previous paragraphs are hereby incorporated by reference.

139.    L. Ruscitto has caused CUG, Greenleaf and KMA to be undercapitalized to the point that they cannot pay their debts.

140.    L. Ruscitto was complicit in fraudulently transferring CUG, Greenleaf and KMA assets to Imagine Wellness.

141.    As a direct and proximate result of L. Ruscitto's wrongful conduct, P. Borghetti and C. Borghetti have suffered harm and damage.

142.    L. Ruscitto is jointly and severally liable for any judgment entered in favor of the Borghettis in this action.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against L. Ruscitto and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT IX
### Breach of Fiduciary Duties Claim Against Matta

143.    All previous paragraphs are hereby incorporated by reference.

144.    As a board member of CUG, Greenleaf and KMA, Matta owed fiduciary duties to P. Borghetti and C. Borghetti, including the duty of loyalty and duty of care.

145.    Matta violated his fiduciary duties by permitting CUG, Greenleaf and KMA to fraudulently transfer their assets to Imagine Wellness.

146.    As a direct and proximate result of Matta's wrongful conduct, P. Borghetti and C. Borghetti have suffered harm and damage.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against Matta and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT X
### Veil Piercing Claim Against Matta

147.    All previous paragraphs are hereby incorporated by reference.

148.    Matta has caused CUG, Greenleaf and KMA to be undercapitalized to the point that they cannot pay their debts.

149.    Matta was complicit in fraudulently transferring CUG, Greenleaf and KMA assets to Imagine Wellness.

150.    As a direct and proximate result of Matta's wrongful conduct, the Borghettis have suffered harm and damage.

151.    Matta is jointly and severally liable for any judgment entered in favor of the Borghettis in this action.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against Matta and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT XI
### Breach of Fiduciary Duty Claim Against Bond

152.    All previous paragraphs are hereby incorporated by reference.

153.    As an officer and board member of CUG, Greenleaf and KMA, Bond owed fiduciary duties to P. Borghetti and C. Borghetti, including the duty of loyalty and duty of care.

154.    Bond violated his fiduciary duties by permitting CUG, Greenleaf and KMA to fraudulently transfer their assets to Imagine Wellness, a company in which he serves as the Chief Executive Officer.

155.    As a direct and proximate result of Bond's wrongful conduct, P. Borghetti and C. Borghetti have suffered harm and damage.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against Bond and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT XII
## Veil Piercing Claim Against Bond

156.    All previous paragraphs are hereby incorporated by reference.

157.    Bond has caused CUG, Greenleaf and KMA to be undercapitalized to the point that they cannot pay their debts.

158.    Bond was complicit in fraudulently transferring CUG, Greenleaf and KMA assets to Imagine Wellness.

159.    As a direct and proximate result of Bond's wrongful conduct, P. Borghetti and C. Borghetti have suffered harm and damage.

160.    Bond is jointly and severally liable for any judgment entered in favor of the Borghettis in this action.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against Bond and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT XIII
## Breach of Fiduciary Duties Claim Against H. Luci

161.    All previous paragraphs are hereby incorporated by reference.

162.    As an officer and board member of CUG, Greenleaf and KMA, H. Luci owed fiduciary duties to P. Borghetti and C. Borghetti, including the duty of loyalty and duty of care.

163.    H. Luci violated her fiduciary duties by permitting CUG, Greenleaf and KMA to fraudulently transfer their assets to Imagine Wellness.

164.    As a direct and proximate result of H. Luci's wrongful conduct, P. Borghetti and C. Borghetti have suffered harm and damage.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against H. Luci and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

## COUNT XIV
### Veil Piercing Claim Against H. Luci

165.    All previous paragraphs are hereby incorporated by reference.

166.    H. Luci has caused CUG, Greenleaf and KMA to be undercapitalized to the point that they cannot pay their debts.

167.    H. Luci was complicit in fraudulently transferring CUG, Greenleaf and KMA assets to Imagine Wellness.

168.    As a direct and proximate result of H. Luci's wrongful conduct, the Borghettis have suffered harm and damage.

169.    H. Luci is jointly and severally liable for any judgment entered in favor of the Borghettis in this action.

WHEREFORE, Plaintiffs, Cherylann and Peter Borghetti request that this Honorable Court find in their favor and against H. Luci and award them damages of $653,940.47, plus costs, interest and attorney fees, and any and all other such relief as the Court deems appropriate.

Respectfully submitted,

MORELLA & ASSOCIATES,
A Professional Corporation

_____
Justin T. Papciak, Esquire
Counsel for Plaintiffs, Cherylann Borghetti and
Peter Borghetti